IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | |
| RITE WAY ELECTRIC, INC. | : | |
| | : | BANKR. NO. 11-19633 (JKF) |
| | : | |
| | : | |
| Debtor. | : | |

**MOTION TO APPROVE CONSENT ORDER BETWEEN BEDERSON, LLP AND UNITED STATES TRUSTEE REGARDING BILLING PROCEDURES AND FEE REQUESTS IN BANKRUPTCY CASES**

The United States Trustee ("UST") and Bederson LLP ("Bederson") (the "Parties"), by and through counsel, hereby move for the entry of a Consent Order regarding Bederson's fee request in this matter, as well as addressing billing procedures and fee requests in other bankruptcy cases. In support of this motion, the Parties represent as follows:

1. Bederson was employed as the accountant to Terry P. Dershaw, the chapter 7 successor trustee in this case pursuant to an Order entered on July 24, 2013 (Docket No. 236).

2. On March 29, 2018, Bederson filed a Final Application for Compensation ("Section 330 Application") seeking approval of compensation for services allegedly rendered from July 22, 2013 to June 29, 2017, in the amount of $39,256.00 and expenses of $368.88 (Docket No. 337).

3. Attached to the Section 330 Application was Bederson's billing invoice dated June 30, 2017 marked as Exhibit "C". The billing statement contained entries that described tasks that Bederson performed, the dates on which the tasks were performed, the Bederson employees who performed the tasks, timekeeper hourly rates and the time allocated to performance of tasks.

1

4. Attached to the Section 330 Application was an Affidavit of Certification by Bederson submitted pursuant to Fed.R.Bankr.P.2016. The Affidavit was signed by Charles N. Persing, Partner ("CNP") and notarized on March 1, 2018.

5. Pursuant to 28 U.S.C. §586, the UST monitors fee requests of professionals in bankruptcy cases and files comments or objections if appropriate.

6. The UST also reviewed other bankruptcy cases where Bederson was employed pursuant to Section 327 and sought compensation pursuant to Sections 330 and 331 of the Bankruptcy Code.

7. The UST identified 17 chapter 7 cases ("17 Cases") (See Exhibit "A" attached), including the instant case, and asserted that Bederson's Section 330 applications had incorrect information when compared to Bederson's original source documents. In particular, the exhibits attached to the Section 330 applications filed in the 17 Cases contained time entries where dates of services were changed from original source documents.

BEDERSON CHANGED DATES FOR TIME WORKED REGARDING RETENTION APPLICATIONS APPEARING ON ORIGINAL SOURCE DOCUMENTS TO DIFFERENT DATES IN ITS FEE APPLICATIONS

8. The UST asserts that in some of the 17 Cases Bederson changed dates in its fee applications for services rendered in connection with its employment by the trustee from the dates performed prior to the Section 327 applications to dates performed shortly after the applications were filed. In the instant case the fee application includes a line entry for reviewing Bederson's retention application on July 22, 2013 although Bederson's retention application was filed with the Court nine (9) days earlier. This issue was identified in at least 15 cases of the 17 cases reviewed by the UST.

### AFFIDAVITS/CERTIFICATIONS WITH DATE DISCREPANCIES

9. The UST asserts that in some of the 17 Cases the Affidavits/Certifications ("Affidavits") signed by CNP attached to either the Section 327 Applications to Employ or to the Section 330 Applications to Compensate Bederson were signed by CNP and notarized on dates other than the dates stated in time entries on the fee applications. This issue was identified in at least 3 of the 17 cases reviewed by the UST.

### CHANGED DATES AND TIME ENTRIES RESULTED IN INCREASE TO FEES

10. In some of the 17 Cases the UST asserts Bederson changed dates from the date the service was actually performed by an employee (at the hourly rate charged at that time) to a later date (when that employee's hourly rate was increased.) This increased the amount billed to the estate by the increase in the employee's hourly rate. In the instant case, three line entries for time that were missing from timekeepers' original source time records were added to the application for compensation, which resulted in a request for additional compensation not supported by the timekeepers' billing records. This issue was identified in at least 9 of the 17 cases reviewed by the UST.

11. The UST raised the above assertions with Bederson.

12. Bederson provided the UST records and copies of source documents and met and conferred with the UST to review billing procedures and to quantify any alleged overpayments relating to the 17 Cases reviewed by the UST.

13. Bederson has denied the UST's assertions. Bederson asserts that there were unintentional billing errors. In order to avoid costly litigation between the parties, the UST and Bederson have agreed to settle their differences and resolve amicably their dispute related to, concerning, arising out of, or otherwise connected to Bederson's Section 330 Application in this

case, as well as resolve any potential motions to reconsider previous awards of compensation in the remaining 16 cases. The terms of the agreement are set forth in the proposed Consent Order attached to this Motion.  A summary of the agreed terms includes the following:

    a) Bederson shall voluntarily reduce the amount of fees sought in compensation in this case from $39,256.00 to $36,679.00, representing a fee reduction of $2,577.00 ;

    b) Bederson shall retain the services of Stephen Scherf CPA ("Scherf"), an independent forensic accountant;

    c) Scherf will conduct an analysis of Bederson's billings for all bankruptcy cases pending as of October 1, 2017 in the Eastern District of Pa. where Bederson was/is employed, regardless of whether the cases are open or closed;

    d) Bederson shall be responsible for the payment of all fees and costs incurred by Scherf;

    e) Scherf and Bederson will propose a billing and monitoring protocol to be provided to the United States Trustee which Bederson will immediately implement following the review to ensure accuracy and contemporaneous timekeeping going forward;

    f) Scherf shall continue to monitor Bederson's billings in open cases and provide periodic reports of his findings to Bederson and the UST for a one year period from the date of the entry of the Consent Order;

    g) Scherf shall quantify the amount of fees to be refunded to estates in cases open since October 1, 2017; and Bederson will refund the agreed amounts to the estates.

WHEREFORE, the UST and Bederson request that the Motion to approve Consent Order be granted.

Respectfully submitted,

| | |
|---|---|
| Andrew R. Vara<br>Acting United States Trustee<br>Region 3 | Bederson, LLP. |
| By:  */s/ Kevin P. Callahan*<br>Kevin P. Callahan<br>Trial Attorney<br>Office of United States Trustee<br>833 Chestnut Street, Suite 500<br>Philadelphia, PA  19107<br>Tel: 215-597-4411 | By:  */s/ Arthur J. Abramowitz*<br>Arthur J. Abramowitz, Esquire<br>Sherman, Silverstein, Kohl Rose<br>& Podolsky, P.A.<br>308 Harper Drive, Suite 200<br>Moorestown, NJ 08057<br>Tel. (856) 661-2081 |

Date: May 21, 2019