IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| RITE WAY ELECTRIC, INC. | : | |
| | : | BANKR. NO. 11-19633 (JKF) |
| | : | |
| Debtor. | : | |
| | : | |

## CONSENT ORDER

And now upon consideration of the Motion to Approve Consent Order Between Bederson LLP and United States Trustee Regarding Bederson LLP's Billing Procedures and Billing Requests in Bankruptcy Cases consented to by the United States Trustee ("UST") and Bederson LLP ("Bederson"), (collectively, the "Parties")and for good cause shown, it is this  27th   day of June, 2019 hereby

ORDERED that Bederson's request for compensation and reimbursement of expenses is APPROVED in the amount of $36,679.00 compensation and $368.88 in reimbursement of expenses. And, it is further

ORDERED that pursuant to the agreement of the Parties, Bederson shall engage the service of Stephen Scherf, CPA ("Scherf"), who shall review the 17 Cases (Exhibit "A" attached) and all Open Cases ("Open Cases") where Bederson sought approval of employment under Section 327 and approval of compensation under Section 330 of the Bankruptcy Code in all cases pending in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania.  Open Cases are defined as those cases pending in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania as of October, 2017 and thereafter where Bederson is employed or seeks approval

for employment as a professional until such date Scherf completes the engagement. Bederson shall be responsible for the payment of all fees and costs incurred by Scherf. Court approval of the engagement and Scherf's compensation is not required. And it is further

ORDERED that Scherf shall review the 17 Cases and all sources for time keeping in those cases including work in process, the Pro System time and billing software package, and any collateral sources of information where time is maintained by Bederson personnel and compare information or data obtained from those sources against each other and the filed fee applications. And it is further

ORDERED that Scherf shall issue an initial report to the UST within ninety days of his retention with a copy to Bederson detailing his findings concerning the 17 Cases and all Open Cases describing in detail the source of the original time entry (person and documents) and underlying facts and reasons for any changes leading to the discrepancy among any of the sources referenced above including any filed fee applications. Scherf shall quantify the fee amounts to be refunded. Bederson shall refund the amounts of the fees determined by Scherf to the respective estates or as otherwise provided herein. And it is further

ORDERED that with regard to any of the now closed 17 Cases, in light of the fact that the potential cost of reopening a closed case would likely be greater than any benefit derived from a refund to the estate, Bederson will not be required to refund amounts to the estates for the closed 17 Cases; however, the UST reserves the right to seek to reopen any of those cases. And it is further

ORDERED that in the event Bederson disagrees with any of Scherf's computations in any reports that might be subject to reimbursement to respective estates, Bederson reserves the right to object. In the event of an objection, the UST will be contacted and advised of the

objection; and the parties to this Agreement will use their best efforts to try to resolve any issues. In the event the parties to this Agreement are unable to amicably resolve any issue, Bederson shall have recourse to file an appropriate motion with this Court. And it is further

ORDERED that Scherf and Bederson will propose a billing and monitoring protocol to be provided to the UST that Bederson will immediately implement following review by the UST to ensure that accurate and real-time reporting of services is kept going forward. And it is further

ORDERED that excluding the 17 Cases, if Scherf identifies an Open Case (or Open Cases) in which Bederson received fees for services that were performed on dates that differed from the dates set forth in the fee applications (and for which such services would be compensable but for the date change), Bederson shall take corrective measures to refund the debtor and/or estate in any presently Open Case where a Trustee's Final Report has not been approved. Bederson and the UST shall confer on those findings and if agreement cannot be reached, it shall be brought before the court where the case is assigned. And it is further

ORDERED that Scherf will monitor Bederson's billing procedures on an ongoing basis and issue a statement every three months from the date of engagement for a period of one year confirming that Bederson is maintaining contemporaneous time records, accurately reporting and billing time, and that fee applications are accurate with respect to time entries.  Scherf's statement will include a sampling size and description of whatever work was performed to make the report and will include a certification by Bederson and Scherf that compliance has been maintained.  Such statements shall be sent to the UST and Bederson.

Upon implementation of the protocol as referenced above, Scherf shall expand its monitoring and certification responsibilities to include compliance with the protocol.  It is further

ORDERED that this Court shall retain jurisdiction to consider and rule on any request by the UST or Bederson to enforce this Order in the event of default or lack of compliance with this Order.

_____
HONORABLE JEAN K. FITZSIMON
United States Bankruptcy Judge